**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sacramento DIAZ, Defendant–Appellant.**

**No. 14–50338**

United States Court of Appeals, Ninth Circuit.

Submitted June 22, 2015 *

August 25, 2016

Helen H. Hong, Assistant U.S. Attorney, San Diego, CA, Christine M. Ro, Assistant U.S. Attorney, Imperial, CA.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA.

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

**MEMORANDUM ***

Sacramento Diaz appeals from the district court's judgment and challenges the 70-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Diaz argues that the district court erred in denying a minor role reduction to his

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

base offense level under U.S.S.G. § 3B1.2(b). After Diaz was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero–Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Among other things, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Because we cannot determine from the record whether the district court considered all of those factors in determining whether Diaz was entitled to a minor role adjustment, we vacate Diaz's sentence and remand for resentencing under the Amendment. *See Quintero–Leyva*, 823 F.3d at 523–24.

**VACATED and REMANDED for resentencing.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.